CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 27 2016

JULIA C. DUDLEY, CLERK
BY: /s/
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TONY P. WELCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:15-cv-00335 |
| v. | ) |
| | ) |
| FCA US LLC, | ) By: Michael F. Urbanski |
| | ) United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court are various motions related to four claims filed by Plaintiff Tony P. Welch ("Welch"), proceeding pro se,[1] against FCA US LLC ("FCA") related to a 2004 Dodge Durango (the "Vehicle") purchased by Welch from an undisclosed seller in New Jersey in 2013. Welch's complaint alleges (I) Violation of the Motor Vehicle Manufacturer's Warranty Adjustment Act, Va. Code § 59.1-207, (II) Violation of the National Traffic and Motor Safety Act, 49 U.S.C. § 301, (III) Unjust Enrichment, and (IV) Breach of Warranty under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301. FCA filed a motion to dismiss the complaint in its entirety. ECF No. 12.[2] The Court referred FCA's motion to United States Magistrate Judge Robert S. Ballou pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation ("R&R"). The magistrate judge issued an R&R recommending that FCA's motion be granted, Welch's claim be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or alternatively transferred to the East District of New York. ECF No. 31.

---

[1] The court construes Welch's pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).
[2] FCA originally filed a motion to dismiss, ECF No. 4, seeking dismissal, and in the alternative, to have the case transferred to the Eastern District of New York. FCA retained new counsel and filed a new motion to dismiss withdrawing its previous motion to dismiss and seeking only dismissal. ECF No. 12. The R&R includes an analysis of a potential transfer of this case to the Eastern District of New York. However, because the court agrees with the magistrate judge that all four counts merit dismissal, the court does not reach the transfer analysis in this opinion.

1

Since the issuance of the R&R, Welch has filed several related motions that the court will address in this memorandum opinion. First, Welch filed a document containing objections to the R&R and "Subsequent Motion for Leave to Amend Original Complaint." ECF No. 32. Welch then filed a Motion to Strike, asking that his previous motion to amend his original complaint be withdrawn. ECF No. 33. Finally, Welch filed a "Motion for Immediate Temporary Injunction to Stay Proceedings in Order to Substitute with the Proper Plaintiff" in which Welch seeks to substitute the United States Attorney General as the plaintiff as to Count II, which alleges violations of 49 U.S.C. § 301. ECF No. 35. FCA has filed a response to Welch's objections. ECF No. 36.

## I.

Before addressing the merits of Welch's objections to the R&R, the court will first consider Welch's subsequent motions to clarify the motions currently pending before the court.

## A.

Welch's motion for a temporary injunction so that the Attorney General of the United States can be substituted as the plaintiff in Count II, alleging violations of 49 U.S.C. § 301, ECF No. 35, is **DENIED**. As properly explained by the magistrate judge and conceded by Welch, only the Attorney General may bring claims arising under 49 U.S.C. § 301, and the statute does not create a private right of action. ECF No. 31, at 6-7; ECF No 35. Because only the Attorney General can brings claims arising under 49 U.S.C. § 301, Welch is not entitled to a temporary injunction during which the Attorney General can

2

intervene in this lawsuit. Accordingly Welch's motion for an injunction, ECF No. 35, is **DENIED**.

## B.

Welch's Motion to Strike, ECF No. 33, seeks withdrawal of his previously filed motion to amend his complaint filed with his objections to the R&R in ECF No. 32. Welch's Motion to Strike, ECF No. 33, is **GRANTED**. Accordingly the Court will consider ECF No. 32 only to the extent it objects to the R&R.

## II.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may

3

accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

### III.

Welch objects to the magistrate judge's findings as to each count and further objects to the alternative recommendation that this case be transferred to the Eastern District of New York, where bankruptcy proceedings related to the chapter 11 bankruptcy of Chrysler and its sale of certain assets to FCA have taken place. Because the magistrate judge correctly concluded that the complaint should be dismissed in full, the court will not address Welch's objections regarding transfer.

### A.

Welch first objects to the recommendation that Count I, alleging violation of the Motor Vehicle Manufacturer's Warranty Adjustment Act, Va. Code § 59.1-207.9 et. seq., be dismissed. In his objection, Welch asserts that he "towed his vehicle to have it looked at within 18 months." ECF No. 32, at 2. The court construes Welch's objection as asserting error to the magistrate judge's finding that Welch did not attempt to repair his vehicle until

4

May 2015, about 23 months after Welch purchased it, and therefore outside of the lemon law rights period. ECF No. 31, at 4-6.

Va. Code § 59.1-207.13(A) provides a number of rights and remedies to automobile purchasers:

> [i]f the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including those that do not affect the driveability of the vehicle, which significantly impairs the use, market value, or safety of the motor vehicle after a reasonable number of attempts during the lemon law rights period.

Va. Code § 59.1-207.11 defines the "lemon law rights period" as

> the period ending eighteen months after the date of the original delivery to the consumer of a new motor vehicle. This shall be the period during which the consumer can report any nonconformity to the manufacturer and pursue any rights provided under this chapter.

The eighteen month period can be extended if the manufacturer has been notified, but the nonconformity has not been effectively repaired by the manufacturer, or its agent, by the expiration of the lemon law rights period. Va. Code § 59.1-207.13. Va. Code § 59.1-207.11 describes notification as follows:

> notify or notification means that the manufacturer shall be deemed to have been notified under this chapter if a written complaint of the defect or defects has been mailed to it or it has responded to the consumer in writing regarding a complaint, or a factory representative has either inspected the vehicle or met with the consumer or an authorized dealer regarding the noncomformity.

Welch's complaint comports with the finding made by the magistrate judge. Though Welch indicates he took the vehicle to Berglund Dodge dealership within a few months of

5

purchasing the vehicle and was advised of potential issues with the lower end of the car, Welch indicates that he made no attempt to have the Vehicle fixed until May 11, 2015. ECF No. 6, at ¶¶ 24-28. Welch makes no allegations that FCA was notified, as defined in Va. Code § 59.1-207.11, during the lemon law rights period. Therefore the magistrate judge properly concluded that "neither [Welch] nor FCA failed to get the vehicle in working order after repair attempts made within eighteen months of delivery." ECF No 31, at 6. Further, Welch makes no allegation or argument that he notified FCA as defined in the Va. Code § 59.1-207.11 within the lemon law rights period. Thus, Welch failed to exercise his rights within the period designated in the MMVSA.

Even if plaintiff's towing the "vehicle to have it looked at within 18 months" arose to an attempt by plaintiff or FCA to fix the vehicle such that it was in working order, Count I remains deficient because, as the magistrate judge properly concluded, FCA did not manufacture plaintiff's vehicle. Welch lodges no objection to this finding, nor would any such objection succeed, because a manufacturer for purposes of Va. Code § 59.207.9 is "a person, partnership, association, corporation, or entity engaged in the business of manufacturing or assembling motor vehicles, or of distributing motor vehicles to motor vehicle dealers." Va. Code § 59.1-207.11. As correctly noted by the magistrate judge, FCA did not manufacture the vehicle as it did not exist at the time the Vehicle was manufactured. ECF No. 31, at 5-6.

Though FCA assumed some liability related to violation of state lemon law laws, such as Va. Code § 59.1-207, this liability only applies to cars manufactured within five years of the closing date on which FCA acquired certain of Chrysler's assets. ECF No. 13, at 8.

6

Welch's vehicle was not purchased during such a period. Therefore, Chrysler, rather than FCA, would be the only entity potentially liable for violation of Va. Code §59.1-207.9.

Even taking the facts in a light most favorable to Welch, Welch plainly did not act within the lemon law rights period such that he can sustain a claim under the Va. Code § 59.1-207.9, nor has he alleged facts that show FCA is a manufacturer of the Vehicle. Accordingly, Welch's objection is **OVERRULED** and Count I **DISMISSED with prejudice.**

### B.

Welch originally objected to the dismissal of Count II, arguing that private citizen can bring claims under 49 U.S.C. § 301, part of the National Traffic and Motor Vehicle Safety Act. ECF No. 32, at 3-4. In his subsequent motion seeking an injunction so that the Attorney General of the United States could be substituted as plaintiff, Welch acknowledged that private citizens are barred from bringing claims under 49 U.S.C. § 301. ECF No. 35. To the extent Welch did not wish to retract his objection to the dismissal of Count II, the objection is **OVERRULED** because the magistrate judge properly determined that 49 U.S.C. § 301 creates no cause of action for private citizens. See 49 U.S.C. § 30163 (explaining that the Attorney General may bring civil cases under the National Traffic and Motor Vehicle Safety Act); Ayres v. General Motor Corp., 234 F.3d 514, 522 (11th Cir. 2000). Accordingly, Count II is **DISMISSED with prejudice.**

### C.

As to Count III, Welch's objection states "Plaintiff hereby OBJECTs to the Magistrate Judge's recommendation of dismissal, but voluntarily wishes to withdraw this

cause of action without prejudice." ECF No. 32, at 4. The court construes Welch's objection as challenging the magistrate judge's recommendation that Count III be dismissed with prejudice.[3] The magistrate judge properly concluded that taking the facts in a light most favorable to Welch, FCA engaged in no transaction with Welch. Welch purchased car parts from a local dealership, not FCA. At best, the dealership that sold automobile parts to Welch purchased parts from FCA. Even when construing Welch's pleadings liberally and in a light most favorable to him, Welch simply cannot maintain an action for unjust enrichment against FCA based on parts purchased from a local dealership. Accordingly Welch's objection to Count III is **OVERRULED** and Count III **DISMISSED with prejudice.**

### D.

The R&R recommends dismissal of Count IV alleging breach of warranty under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ("MMWA"), because Welch fails to meet the $50,000 damages threshold needed to sustain an action for this court to exercise jurisdiction over a MMWA claim. Specifically the R&R found that Welch only alleged $8,830.51 in damages related to the repair of the vehicle. Rather than object to the R&R's findings as to the damages related to his claim, Welch objects on the basis that his claim could be converted to a class action lawsuit, so that others' claims can be joined to meet the $50,000 threshold. 15 U.S.C. § 2301(d)(3)(B) specifically contemplates class actions lawsuits under the MMWA. However, as 15 U.S.C. § 2301(e) makes clear, class actions are cognizable only where the requirement of Fed. R. Civ. P. 23 are met. Because Welch fails to

---

[3] The R&R recommends that Count III be dismissed. Pursuant to Fed. R. Civ. P. 41(b), the court concludes that the magistrate judge recommends dismissing Count III with prejudice.

8

show any of the requirements set forth in Fed. R. Civ. P. 23 are met, his claim must be considered on its own.

Because the magistrate judge properly concluded the alleged damages to Welch's vehicle fall far short of the $50,000 minimum, Welch's objections as to Count IV are **OVERRULED** and Count IV **DISMISSED with prejudice**.

IV.

For the reasons set forth above, Welch's motion for an injunction, ECF No. 35, is **DENIED** and his motion to strike, ECF No. 33, **GRANTED**. Welch's objections, ECF No. 32, are **OVERRULED** and the R&R, ECF No. 31, adopted in its entirety. FCA's motion to dismiss, ECF No. 12, is **GRANTED** in full and this case **DISMISSED with prejudice**. This case is stricken from the active docket of the court.

It is so **ORDERED**.

Entered: 09/26/2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge